# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-486V
Filed: April 23, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| GINGER M MARTIN *and* CATHERINE * | UNPUBLISHED |
| J O'QUIN, *legal guardians and next* * | |
| *friends of HSL, a minor,* * | |
| * | |
| Petitioners, * | Decision on Interim Attorneys' Fees and |
| v. * | Costs; Hourly Rate; Duplicative Billing; |
| * | Travel Costs |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Richard Gage, Esq.*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Claudia Gangi, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 18, 2013, Ginger Martin and Catherine O'Quin ("Ms. Martin," "Ms. O'Quin," or "petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of a minor child, H.S.L. Petitioners allege that H.S.L. developed a seizure disorder, microcephaly, and developmental delays as a result of receiving diphtheria-tetanus-acellular pertussis, haemophilus influenzae b, inactivated poliovirus, and pneumococcal conjugate

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccinations on August 2, 2010, and September 28, 2010. Petition ("Pet."), ECF No. 1. Petitioners now request an award of interim attorneys' fees and costs.

## I. Procedural History

The petition was filed on July 18, 2013. ECF No. 1. Petitioners filed medical records through September of 2013. *See* Pet. Ex. 1-16, ECF Nos. 6-8; Pet. Ex. 18-22, ECF Nos. 11-12.

After requesting and receiving four extensions of time, petitioners filed an expert report from Dr. Mauney on July 30, 2014. *See* Motion, ECF No. 19; Non-PDF Order, dated Mar. 28, 2014; Motion, ECF No. 21; Non-PDF Order, dated Apr. 23, 2014; Motion, ECF No. 22; Non-PDF Order, dated June 30, 2014; Motion, ECF No. 23; Non-PDF Order, dated July 25, 2014; Pet. Ex. 23, ECF No. 24.

Respondent filed an expert report from Dr. Holmes on October 9, 2014, and his Rule 4(c) Report on November 13, 2014. *See* Resp. Ex. A-B, ECF No. 26; Rule 4(c) Report, ECF No. 27.

On November 20, 2014, an order was issued for petitioners to file a supplemental expert report by February 4, 2015. *See* Scheduling Order at 1, ECF No. 28. After requesting and receiving five extensions of time, petitioners filed an expert report from Dr. Steinman on January 4, 2016. *See* Motion, ECF No. 29; Order, ECF No. 30; Motion, ECF No. 31; Order, ECF No. 32; Motion, ECF No. 43; Order, ECF No. 44; Motion, ECF No. 48; Non-PDF Order, dated Nov. 2, 2015; Motion, ECF No. 49; Non-PDF Order, dated Dec. 1, 2015. Petitioners filed supporting medical literature on March 7, 2016. *See* Pet. Ex. 31-53; ECF Nos. 53-55.

On April 22, 2016, respondent filed an expert report from Dr. McGeady and supporting medical literature. Resp. Ex. C-L. Dr. McGeady's report, Resp. Ex. C, was inadvertently filed incorrectly; it was later stricken and refiled properly. *See* Motion, ECF No. 60; Non-PDF Order, issued May 9, 2016; Resp. Ex. C, ECF No. 61.

The parties agreed to proceed to hearing, and an entitlement hearing was scheduled for August 10 and 11, 2017. *See* Scheduling Order at 1, ECF No. 62; Pre-Hearing Order at 1, ECF No. 64.

During a status conference on May 30, 2017, it was noted that the petition alleged only a causation claim and did not include any claims for significant aggravation, despite H.S.L.'s diagnosis of Dandy-Walker variant, a genetic condition. Scheduling Order at 1, ECF No. 66. On June 20, 2017, petitioners filed an Amended Petition to include a claim of significant aggravation. ECF No. 69. That same day, the parties filed a joint status report requesting that the entitlement hearing scheduled for August of 2017 be moved to a later date to allow petitioners the opportunity to file an expert report which addressed the significant aggravation claim. ECF No. 70. The entitlement hearing was rescheduled for June of 2018. ECF No. 73.

Petitioners filed a supplemental expert report from Dr. Steinman on November 21, 2017. Pet. Ex. 58, ECF No. 75. Petitioners filed updated medical records on April 12, 2018. Pet. Ex. 54-59, ECF No. 76.

An entitlement hearing was held in Mobile, AL, on June 18 and 19, 2018. *See* Scheduling Order at 1, ECF No. 88. Subsequently, petitioners were ordered to file additional medical records and a supplemental expert report from Dr. Steinman. *Id.*; *see also* Pet. Ex. 66-67, ECF No. 97; Pet. Ex. 68-74, ECF No. 100. The record was closed on March 1, 2019, and post-hearing briefs were ordered. *See* Scheduling Order at 1, ECF No. 104.

On March 26, 2019, petitioners filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 105. Petitioners request attorneys' fees in the amount of $102,315.95 and attorneys' costs in the amount of $36,270.74, for a total amount of $138,586.69. *Id.* at 4.

On April 8, 2019, respondent filed a response to petitioners' Motion for Interim Fees. Response, ECF No. 106. Respondent deferred to the special master "to determine whether or not petitioners have met the legal standard for an interim fees and costs award" but was otherwise "satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case." *Id*. at 2. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Petitioners did not file a reply. This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

**A.      Interim Fees**

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

This matter has been pending for nearly six years. While an entitlement hearing has been held, this matter is not yet ripe for the issuance of a decision. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

**B.      Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

The petitioners have requested hourly rates for Richard Gage of $294.86 for work performed in 2013, $299.64 for work performed in 2014, $300.00 for work performed in 2015, $311.00 for work performed in 2016, $318.00 for work performed in 2017, $326.00 for work performed in 2018, and $338.00 for work performed in 2019. The rates requested for 2014 through 2018 are consistent with rates awarded to Mr. Gage in *Hendrickson v. Sec'y of Health & Human Servs.*, No. 15-812V, 2018 WL 6822351, at *7 (Fed. Cl. Spec. Mstr. Nov. 26, 2018). Mr. Gage's requested rate for 2019 of $338.00 appears to be in keeping with previously awarded rates. Accordingly, I find the rates requested for Mr. Gage reasonable.

The petitioners have requested the following hourly rates for the other attorneys who performed work on this case: for Donald Gerstein, $251.00 for work performed from 2013 through 2015; for Kristen Blume, $251.00 for work performed from 2018 to 2019; and for Kristen Rieman, $200.00 for work performed in 2017. The rates requested for Mr. Gerstein and Ms. Blume are consistent with rates previously awarded to these attorneys. *See Hendrickson*, 2018 WL 6822351, at *7 (Awarding Donald Gerstein an hourly rate of $251.00 for work performed in 2015); *Desai v. Sec'y of Health & Human Servs.*, No. 14-811V, 2018 WL 6819551, at *6 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (Awarding an hourly rate of $251.00 to Kristen Blume for work performed from 2017 to 2018). However, other special masters have found that an appropriate rate for Ms. Rieman is $150.00. *See Pember v. Sec'y of Health & Human Servs.*, No. 15-1005V, 2018 WL 3989514, at *2 (Fed. Cl. Spec. Mstr. June 28, 2018); *Briggs v. Sec'y of Health & Human Servs.*, No. 15-737V, 2018 WL 3991261, at *4 (Fed. Cl. Spec. Mstr. June 27, 2018). Ms. Rieman will be awarded an hourly rate of $150.00 in keeping with these well-reasoned decisions.

The petitioners have requested the following hourly rates for Mr. Gage's paralegals: for Susan McNair, $110.00 for work performed in 2013, $112.00 for work performed in 2014, and $120.00 for work performed from 2016 through 2019; for Brian Vance, $112.00 for work performed in 2014 and $120 for work performed from 2015 through 2019; for Helen Nelson, $112.00 for work performed from 2013 through 2014 and $120 for work performed from 2018 through 2019; and for Kara Sutton, $110.00 for work performed in 2013. These requested rates are consistent with rates previously awarded to Mr. Gage's paralegals and therefore I find the requested rates to be reasonable. *See Desai*, 2018 WL 6819551, at *6 (Awarding Mr. Gage's paralegals hourly rates of $112.00 for work performed from 2013 to 2014, and $120 for work performed from 2015 through 2018).

Based on the above, petitioners' attorneys' fees are reduced by $810.00 to $101,505.95.[3]

## C.   Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed.

---

[3] Ms. Rieman billed 16.2 hours at a rate of $200.00 for a total of $3,240.00. At her reduced hourly rate of $150.00, Ms. Rieman's fees (16.2 hours x $150.00) total $2,430.00, resulting in a reduction of $810.00.

Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioners' application, the undersigned finds that the billing records contain entries that are "excessive, redundant, or otherwise unnecessary," or are billed at excessive rates for the task. *Saxton*, 3 F.3d at 1521.[4] For example, there are billed tasks in which attorneys and/or paralegals performed administrative tasks such as calendaring deadlines and processing invoices.[5] Additionally, there are instances of duplicative billing,[6] as well as entries of tasks that are vague in description and do not provide any basis for determining their reasonableness, such as 12.5 hours billed by Ms. Rieman on January 10, 2017 for "Discuss case with Counsel of Record, Reviewed case status, case research"[7] and 1.1 hours billed by Ms. Sutton on July 16, 2013 for "Received Paper work and prepared it for filing."[8] For these reasons, the undersigned finds that petitioners' attorney fees of $101,505.95 should be reduced by 10%. Accordingly, $91,355.36 is awarded in attorneys' fees.

## D. Reasonable Costs

Petitioners requested a total of $36,270.74 in attorneys' costs. Motion for Interim Fees, ECF No. 105. The requested costs include $375.00 in expert fees to Dr. Mauney, $1,500.00 in expert fees to Dr. Kinsbourne, $26,000.00 in expert fees to Dr. Steinman, $3,356.78 in travel costs,[9] $2,147.88 in costs associated with obtaining medical records, and $1,596.45 in copying

---

[4] The following entries are examples and are not exhaustive; they merely provide a sampling.

[5] *See, e.g.*, Motion for Interim Fees, ECF No. 105 at 12 (0.3 hours billed by Mr. Gerstein for "read / respond / calendar e-mails and notice for status conference 12/19"); *id.* at 14 (0.3 hours billed by Mr. Gerstein for "re'd / rev scheduling orders / calendar"); *id.* at 16 (0.4 hours billed by Mr. Gerstein for "file motion / rec order – calendar"); id. at 26 (0.2 hours billed by Mr. Gage for "Email respondent w/ clerk re: status conference, calendared status conference"); *id.* at 37 (0.1 hours billed by Ms. Nelson for "Add Dr. Steinman's invoice to cost file").

[6] *See, e.g.*, Motion for Fees, ECF No. 105 at 15, 18, 19, 21, 25, 26, 29, 30, 36, 38 (on multiple occasions, Mr. Gage, Ms. McNair, and Mr. Vance each billed 0.1 hours for "Office Meeting/Discussed current status of case and assigned tasks"); *id.* at 26 (on January 10, 2017, Ms. Rieman billed 0.4 hours for "Conference with RG re trial prep" while Mr. Gage billed 0.4 hours for "Conference with K. Reiman re: trial prep").

[7] Motion for Fees, ECF No. 105 at 68.

[8] Motion for Fees, ECF No. 105 at 7.

[9] Based on the expense records, it appears that Dr. Steinman purchased a business class airline ticket for travel to and from Mobile, AL; however, petitioners have only requested reimbursement for half of the ticket price. Motion for Interim Fees at 96, 126-27.

costs. *Id*. at 93-97. It appears that petitioners' counsel used valet parking for the three days that he was in Mobile, AL, for the entitlement hearing. Motion for Interim Fees at 140. Special masters have previously declined to compensation counsel for valet parking absent a showing of necessity. *See, e.g., Doane v. Sec'y of Health & Human Servs*., No. 17-882V, 2019 WL 479476, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2019); *Oliver v. Sec'y of Health & Human Servs*., No. 17-136V, 2018 WL 7051383, at *1 (Fed. Cl. Spec. Mstr. Dec. 12, 2018). Accordingly, petitioners' costs are reduced by $64.98, and petitioners are awarded $36,205.76 in costs.

### IV. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $127,561.12**,[10] representing reimbursement for attorneys' fees in the amount of $91,355.36 and costs in the amount of $36,205.76, in the form of a check made payable jointly to petitioners and petitioners' counsel, Richard Gage, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.